**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:23-CR-00173-02** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JAMES ARD (02)** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Before the Court is a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Defendant, James Ard ("Ard") [Doc. No. 399]. The United States of America ("the Government") filed an Opposition [Doc. No. 406].

For the reasons stated below, Ard's Motion is **DENIED**.

## I. BACKGROUND

On August 7, 2024, Ard was charged in a second-superseding indictment with conspiracy to distribute and to possess with the intent to distribute methamphetamine ("Count One"), distribution of methamphetamine ("Count Two"), and possession with the intent to distribute methamphetamine ("Count Three").[1] Joseph W. Greenwald, Jr., was appointed to represent Ard.[2] On November 12, 2024, Ard plead guilty to Count One.[3] Several objections were made on Ard's behalf at sentencing.[4] Ard's counsel objected to the purity level and quantity of the drugs.[5]

[1] [Doc. No. 159].
[2] [Doc. No. 94].
[3] [Doc. No. 256].
[4] [Doc. No. 314-1].
[5] [Id.].

Additionally, Ard's counsel objected to the determination that he was a career offender on the ground that "the career offender enhancement [is] arbitrary, unduly punitive and result[s] in disproportionate sentences among similar co-defendants."[6] Next, he objected to the assessment of three criminal history points for his 2021 drug trafficking conviction, asserting that because he served only a term of probation, he should be assessed one point only.[7] Additional arguments were raised via supplemental objections to the presentence report.[8] Ultimately, Ard was sentenced to 228 months' imprisonment, a below-guideline sentence.[9]

Ard appealed his sentence arguing that a 2021 drug trafficking conviction where Ard received probation could not serve as a predicate conviction for purposes of the career-offender enhancement; that the 2021 drug-trafficking conviction should have been determined to be relevant conduct; and that his sentence was substantively unreasonable.[10] On November 5, 2025, Ard's conviction and sentence were affirmed.[11]

On September 9, 2026, Ard filed the instant Motion alleging four grounds for relief.[12] Ard alleges that his attorney provided ineffective assistance by failing to object to his career offender designation in the presentence report ("Ground One"), waiving his right to challenge that designation ("Ground Two"), failing to clearly

---

6 [Id. at p. 2].
7 [Id.].
8 [Doc. No. 334].
9 [Doc. No. 361]
10 [Doc. No. 363].
11 [Doc. No. 390].
12 [Doc. No. 399].

address sentencing disparities among his co-defendants ("Ground Three"), and failing to object to the drug weight attributed to him ("Ground Four").[13]

The issues have been briefed, and the Court is prepared to rule.

## II. LAW AND ANALYSIS

### A. 28 U.S.C. § 2255 Standard

Title 28 U.S.C. § 2255 provides a prisoner with four grounds upon which he may seek relief from his sentence: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) that the Court lacked jurisdiction to impose such sentence; (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. §2255(a). Generally, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003) (citation omitted). But in *Massaro*, the Supreme Court held that an "ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Id.*; *see also United States v. Ramos*, 801 F. App'x 216, 226 (5th Cir. 2020) (citing *Massaro* for proposition that "[t]he Supreme Court has emphasized that a 28 U.S.C. § 2255 motion is the preferred method for raising allegations of ineffective assistance of counsel).

To prevail on a claim that legal representation fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-

[13] [Doc. No. 399, pp. 4–9].

pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). The defendant must show that his attorney's actions were objectively unreasonable and that his attorney's unreasonable actions resulted in prejudice. *United States v. Valdez*, 973 F.3d 396, 402 (5th Cir. 2020) (reiterating the two-prong *Strickland* test); *United States v. Phea*, 953 F.3d 838, 841 (5th Cir. 2020).

The first prong of *Strickland* requires the defendant to overcome the presumption that the challenged action might be considered sound trial strategy. *Anderson v. Collins*, 18 F.3d 1208, 1215 (5th Cir. 1994). To demonstrate deficiency, Ard must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. To demonstrate prejudice, he must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 669. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. at 694. Specifically, to show that an attorney's performance in a noncapital case prejudiced him, he must demonstrate that counsel's error led to some increase in the length of his imprisonment. *Glover v. United States*, 531 U.S. 198, 203 (2001). The defendant must establish both prongs of this test. *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

Since Ard cannot meet either prong of *Strickland,* his Motion must be denied for the reasons below.

**i. Grounds One and Two**

Grounds One and Two are based upon the argument that his attorney did not take action to prevent Ard from being sentenced as a career offender.[14] Ard argues that the 2000 conviction should not have been used as a predicate for the career offender because it was too old.[15] However, the Court did not use the 2000 conviction as a predicate offense for career offender enhancement; it simply mentioned it as part of Ard's criminal history.[16]

Ard also argues that his 2021 convictions should not have been used as a predicate offense for career offender enhancement because he received a probationary sentence.[17] However, the Fifth Circuit Court of Appeals rejected that same argument in Ard's appeal.[18]

The presentence report reflects that Ard had three prior felonies: 1) 2000 conspiracy to distribute cocaine; 2) 2014 possession with intent to distribute PCP; and 3) a 2020 possession with intent to distribute Xanax.[19] And to be a career offender, Ard had to meet several requirements. He had to be at least eighteen years of age at the time of the instant offense (Ard was forty-two); the instant offense of conviction must be a controlled substance offense (conspiracy to distribute 50 grams or more of methamphetamine is a controlled substance offense); and Ard had at least two prior felony convictions for a controlled substance offense (the 2014 possession with intent to distribute PCP and the 2020 conviction for possession with intent to distribute

[14] [Doc. No. 399-1, pp. 4–6].
[15] [Id.].
[16] [Doc. No. 378, p. 10].
[17] [Id.].
[18] [Doc. No. 390, p. 2].
[19] [Doc. No. 372, pp. 13–15].

Xanax are two prior felony convictions for controlled substance offenses). *See* U.S.S.G. § 4B1.1. Therefore, Ard was properly classified as a career offender and suffered no prejudice from his attorney's alleged failure to object to that classification. Nevertheless, the record reflects that Ard's attorney did object to the enhancement based on the 2021 probationary sentence.[20]

**ii. Grounds Three and Four**

In Grounds Three and Four, Ard argues that his attorney failed to clearly articulate or object to sentencing disparities with his co-defendants, and failed to object to or challenge the drug weight attributed to him.[21] Although Ard listed Grounds Three and Four in his Motion, he did not fully address either ground in his Memorandum. Nevertheless, the Court will address both out of an abundance of caution.

As mentioned above, in Ground Three, Ard argued that his attorney failed to clearly articulate or object to sentencing disparities with his co-defendants.[22] The record reflects that Ard's attorney filed a sentencing memorandum[23] which argued that the guideline range was too high and was exaggerated by the drug quantities attributed to Ard's co-defendants, and that the career offender statute unreasonably treated Ard like the "worst of the worst."[24]

---

[20] [Doc. No. 312].
[21] [Doc. No. 399, p. 7].
[22] [Id.].
[23] [Doc. No. 346].
[24] [Doc. No. 346, p. 1].

Ard's sentence was based upon Ard's individual factors, including criminal history, his part in the conspiracy, and the fact Ard was a career offender. Of the seven defendants involved, four had been sentenced, none of whom were career offenders.[25] Additionally, although Ard's guideline range was 292–365 months, Ard received a below-guideline sentence of 228 months.[26] Thus, Ard's arguments are unpersuasive.

In Ground Four, Ard argued his attorney failed to object to the drug weight attributed to Ard.[27] This argument, however, is not correct. Ard's attorney challenged the drugs for which Ard was held accountable.[28] The presentence report reflected that Ard was held accountable for 1,853.30 grams of methamphetamine, which resulted in a base-level offense of 36.[29] However, since Ard was found to be a career offender, the applicable base level of 37 (not 36) was used. *See* U.S.S.G. § 4B1.1. Therefore, the quantity of drugs made no difference in Ard's sentence. But even if it did, there was more than sufficient evidence to support the 1,853.30 grams of methamphetamine because wiretaps of the defendant found with methamphetamine linked all of the drugs attributed to Ard.[30]

## III. CONCLUSION

For the reasons stated above,

[25] [Doc. No. 372, p. 2].
[26] [Doc. No. 361]; [Doc. No. 372, p. 20].
[27] [Doc. No. 399, p. 8].
[28] [Doc. No. 372-1, p. 1].
[29] Doc. No. 372, pp. 11–12].
[30] [Doc. No. 372-1, p. 1].

**IT IS ORDERED** that Defendant James Ard's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 399] is **DENIED**.

MONROE, LOUISIANA, this 5th day of November, 2026.

Terry A. Doughty
United States District Judge